UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORDAN ZITO, | Case No.: 3:24-cv-00244-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1 |
| STATE OF NEVADA DEPARTMENT OF EMPLOYMENT, TRAINING AND REHABILITATION, et al., | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names the State of Nevada's Department of Employment, Training and Rehabilitation (DETR), District Judge Tammi Riggs, the Second Judicial District Court, District Judge David Hardy, DETR Senior Attorney Carolyn Broussard, the Supreme Court of Nevada Chief Judge and Associate Judges, and the Administrative Office of the Courts in Carson City.

Plaintiff's complaint contains minimal allegations, but he asserts that DETR did not pay an adjudicated claim for unemployment insurance compensation. He also asserts that DETR electronically filed Case CV23-00037 into the Second Judicial District Court without paying and

without service. Finally, Plaintiff alleges that DETR, through counsel Carolyn Broussard, denied the allegations in State court.

As it stands, Plaintiff's complaint does not state any plausible claim for relief. He does not include sufficient *facts* to apprise the court, or any defendant, of how he claims his rights were violated.

Moreover, "[t]he Eleventh Amendment grants a State immunity from suit in federal court by citizens of other states, U.S. Const. amend. XI, and by its own citizens as well, *Hans v. Louisiana*, 134 U.S. 1 (1890)." *Walden v. State of Nevada* (9th Cir. Dec 23, 2019). Therefore, DETR, which is an agency of the State of Nevada, is entitled to immunity from suit in federal court. While Second Judicial District Court sits in Washoe County, it is a State Court created pursuant to Art. 6 § 1 of the Constitution of the State of Nevada, and it would also be entitled to immunity. The Nevada Supreme Court is similarly entitled to immunity. *See O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir. 1982).

In addition, judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiff has alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

No federal claim lies against a state attorney for denial of allegations asserted in a State court action.

For these reasons, Plaintiff's complaint will be dismissed. In an abundance of caution, Plaintiff will be given leave to amend to assert a cognizable claim against a proper defendant.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 1) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: July 19, 2024

_____
Craig S. Denney
United States Magistrate Judge